sumption entirely when proof of mailing was alone required, for the agent of the plaintiffs, the postal service, might have been responsible for failure of delivery.

A decree for the defendant companies may be entered and the petition dismissed at plaintiffs' cost.

*Decree accordingly.*

LEMERT and MONTGOMERY, JJ., concur.

SHAFER *v.* THE STATE OF OHIO.

(Two cases.)

(Decided June 20, 1932.)

*Mr. Walter M. Locke,* for plaintiff in error.
*Mr. Robert N. Gorman,* prosecuting attorney, and *Mr. Larz R. Hammel,* for defendant in error.

HAMILTON, J. These two error proceedings are sub-

mitted and considered together, as they involve the same question of law.

On June 13, 1930, the grand jury of Hamilton county returned three indictments against Amor W. Shafer, plaintiff in error here.

On June 30, 1930, Shafer pleaded "not guilty" to the three indictments. All three of the cases were set for trial for August 25, 1930, at which time Shafer pleaded "guilty" to the charge contained in indictment No. 33873, and was sentenced to serve ten years in the penitentiary. He was immediately conveyed to the penitentiary and is now serving that sentence. He has not been tried on the other two indictments, nor has he ever demanded or requested a trial on those two pending indictments.

On March 25, 1932, Shafer filed applications for discharge in the two pending cases, for failure of the state to bring him to trial on the two pending indictments. The applications contained no request by Shafer for a setting of the cases for trial. The court of common pleas heard the applications and overruled the same "without prejudice to the right of defendant to apply for and have this cause set for trial."

Shafer bases his claim for discharge on Article I, Section 10 of the Constitution of Ohio, which guarantees a speedy, public trial by an impartial jury, etc., and, further, under favor of Sections 13447-1, 13447-2 and 13447-3, General Code, which provide in substance that persons detained in jail, or out on bond, for a period of more than two terms when in jail, and three terms when out on bond, shall be discharged unless a continuance is had on his own motion or other grounds of delay.

On the statutory right, we are in accord with the holding in the case of *State of Ohio* v. *Brophy*, 8 O. D. (N. P.), 698, whereir the court held that Sections 7309 and 7310, Revised Statutes, authorizing a defendant who is in jail after more than two terms, or a

defendant out on bail after more than three terms, to demand discharge, do not apply to a man in the penitentiary; that he must either be in jail, or out on recognizance, to receive the benefit of these statutes.

However, we are met with the constitutional guaranty, which is important.

The applicant has the undoubted right to have a speedy trial of pending indictments, and to have the truth thereof determined, notwithstanding he may be serving sentence in the penitentiary on other charges.

We have, therefore, the situation of a man not having been tried for more than eighteen months after the pleas of "not guilty" to the indictments had been entered. Is this such a denial of his constitutional guaranty of a speedy trial as to require the court to enter a discharge?

It appears that the reason the matter has not been disposed of by *nolle prosequi,* or by trial, is that Shafer is in the penitentiary, serving time for another offense. It further appears that Shafer has never demanded a trial. However, there is no obligation on his part to make such a demand. It was the duty of the state to provide a speedy trial to determine the truth under the indictments. The state provides all the machinery for trying a person under an indictment at the time he is serving sentence in the penitentiary for another offense. It is unnecessary here to state the machinery, as it is contained in the statute. The question of a speedy trial, involving the circumstances surrounding the cases, as hereinbefore outlined, since no hard and fast rule for determining the question is provided in the Constitution, becomes a matter for judicial determination. There is no limitation fixed by law for bringing a person to trial while serving a term in the penitentiary for another offense. It would seem, therefore, that the question is whether or not the trial court was manifestly wrong in finding that a speedy trial has not been denied under the cir-

cumstances and within the meaning of the Constitution.

As heretofore stated, the judgment overruling the application provides that the overruling was "without prejudice to the right of the defendant to apply for and have this cause set for trial," indicating that the court was agreeable to setting the case immediately for trial, on the application of Shafer, the applicant.

It is not incumbent upon Shafer to apply for setting or to demand a trial. The duty is upon the state to bring the defendant to trial speedily.

We are therefore disposed to hold at this time that, taking into consideration all the facts in the case, the trial court was not manifestly wrong in overruling the applications for discharge; that delay up to the present does not violate the constitutional provision. If, however, the matter having been brought to its attention, the state fails to promptly bring Shafer to trial on the pending indictments, his constitutional rights will be violated, and he will be entitled to a discharge.

The judgments, overruling the applications for discharge, are affirmed.

*Judgments affirmed.*

Ross, P. J., and CUSHING, J., concur.